United States District Court
Northern District of Indiana

JEREMY B. TOMLIN, )
 )
        Petitioner, )
 )
    v. )   Civil Action No. 3:08-CV-571 JVB
 )
SUPERINTENDENT, WESTVILLE )
CORRECTIONAL FACILITY, )
 )
        Respondent. )

**OPINION AND ORDER**

      Petitioner Jeremy Tomlin, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

      Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the

prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

The petitioner presents six grounds in his habeas corpus petition. He has not, however, numbered these grounds. In this memorandum, the court will refer to each claim by the page of the petition on which it appears.

In his fourth ground, on pages 8 and 9 of his petition, the petitioner asserts that he was denied an impartial and fair appeal process. But any problems with an administrative appeal is not one of the grounds established by *Wolff v. McDonnell* upon which a federal court may grant a petition for writ of habeas corpus in a case dealing with loss of earned credit time.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (parallel citations omitted).

In his fifth ground, on page ten of his petition, the petitioner states that Indiana Department of Correction policy requires officers to issue a confiscation slip when they confiscate contraband from an innate, but that he did not "receive a confiscation slip for [the] contraband" cellphone the officers took from his room. In his sixth ground, on page eleven of his petition, he states that the disciplinary hearing board did not conduct his hearing within seven days after screening, as required by Indiana Department of Correction rules.

But § 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is available only from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas

2

relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765 , 774-75 (N.D.Ind.1997). Accordingly, that the disciplinary hearing board may not have followed procedures established by the Indiana Department of Correction states no claim upon which habeas corpus relief can be granted.

In his first ground, pages 4 and 5 of his petition, the petitioner asserts that he was denied the right to call witnesses. In his second ground, page 6 of his petition, the petitioner asserts that he was denied an impartial decision maker. In his third ground, page seven of his petition, the petitioner states that he was denied a written findings of the facts relied on. Each of these present claims that implicate the due process protections guaranteed by *Wolff v. McDonnell*. Giving the petitioner the benefit of the inferences he is entitled to at this stage of the proceedings, these grounds may state claims upon which relief may be granted.

For the foregoing reasons, the court:

(1) GRANTS the petitioner leave to proceed on grounds one two, and three of his petition for writ of habeas corpus, found on pages four through seven of his petition;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES grounds four, five, and six of the petition, found on pages eight through eleven of his petition; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on May 22, 2009

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division