# United States District Court
## Northern District of Indiana

JEREMY TOMLIN,              )
                                   )
          Petitioner,       )
                                   )     Civil Action No.  3:08-CV-571 JVB
     v.                     )
                                   )
SUPERINTENDENT,      )
                                 )
          Respondent.     )

## OPINION AND ORDER

Jeremy Tomlin, a *pro se* prisoner, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. In case number WCU 08-06-0546, a Disciplinary Hearing Body (DHB) at Westville Correctional Facility found Tomlin guilty of use or possession of an electronic device in violation of B207. The conduct report, prepared by Officer Matthew Risner on June 23, 2008, stated that a cellular phone with a charger and a homemade outlet had been found in the light fixture of the cell shared by Tomlin and two other inmates. (DE 19-1.) All three were charged with possession of an electronic device. (DE 19-2.)

On July 7, 2008, Tomlin was notified of the charges. (DE 19-3.) He pled not guilty, requested a lay advocate, and requested witness statements from inmate Justin Doss, who Tomlin claimed was the true owner of the cell phone, and Internal Affairs Investigator Sharon Hert. (DE 19-3.) The statements were obtained. Doss stated that the phone was his, and Investigator Hert acknowledged that Doss admitted the phone was his when she interviewed him. However, she noted that Doss made the statement in front of the three other inmates who were charged with the offense, and she indicated that she did not find his statement credible. (DE 19-5.) On July 10, 2008, a three-member DHB held a hearing on the charges and found Tomlin guilty based on staff reports and witness statements. (DE 19-8.) The DHB imposed a sanction of 180 days lost earned

time credit and a demotion from credit class one to credit class two, in addition to other sanctions. (*Id.*)

Tomlin appealed, arguing that he was not screened within the time frame set forth in the Adult Disciplinary Procedures ("ADP") and that he should not have been found guilty because Doss had claimed ownership of the phone. (DE 19-9 at 1-2.) His appeal was denied, as was his subsequent appeal to the final reviewing authority.[1] (DE 19-9 at 1; DE 19-10.)

Tomlin thereafter filed this federal habeas petition challenging the DHB's determination. (DE 1.) He raised six claims, but the court granted him leave to proceed only on three claims: that he was denied the right to call witnesses; denied an impartial decision-maker; and denied a written statement by the fact-finder. (DE 10.) The court dismissed the other claims as not cognizable in this proceeding. (*Id.*) The respondent now argues that the court cannot decide the three remaining claims because Tomlin did not properly exhaust his state administrative remedies. (DE 19 at 4.)

Principles of exhaustion that apply to federal review of criminal convictions are also applicable to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark,* 978 F.2d 993, 994-95 (7th Cir. 1992). Before filing a federal habeas petition challenging a disciplinary proceeding, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729. His failure to properly exhaust his claims in the state

---

[1]  In denying his appeal, the warden incorrectly advised Tomlin that the case did not involve a credit class demotion or a loss of earned time credits and that he therefore could not appeal to the final reviewing authority. (DE 19-9 at 1.) Tomlin was obviously aware this statement was erroneous (he states as much in his petition), because he did appeal to the next level, and the final reviewing authority considered but ultimately denied his appeal. (DE 19-10; *see also* DE 1 at 9.)

administrative process precludes a federal court from reviewing those claims on the merits. *Id.*; *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).

Here, a review of Tomlin's filings reveal that he did not raise any of the three claims in the administrative appeals process, and he therefore did not properly exhaust these claims. (*See* DE 19-9 at 1-2.) Tomlin filed a traverse in support of his petition, but he focuses solely on the merits of his claims and does not provide any basis for this court to excuse his failure to exhaust. He has therefore forfeited his right to federal review of these claims.

For these reasons, the petition (DE 1) is **DENIED.**

**SO ORDERED** on February 9, 2010.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division